GRANGE MUTUAL CASUALTY COMPANY ET AL., APPELLEES, *v.* FLEMING ET AL., APPELLANTS; RUSSELL ET AL., APPELLEES.

(No. 82AP-224—Decided
December 2, 1982.)

*Mr. Arthur G. Wesner* and *Ms. Marilyn McConnell,* for appellees Grange Mut. Cas. Co. et al.

*Messrs. Graham, Dutro & Nemeth* and *Mr. Robert H. Willard,* for appellants Fleming et al.

*Mr. John W. Leibold,* for appellees Russell et al.

WHITESIDE, P.J. Defendants John R. Fleming and Armstrong Steel Erectors, Inc., appeal from a judgment of the Franklin County Municipal Court in favor of plaintiffs against them while granting defendant Russell's motion for a directed verdict and dismissing plaintiffs' claim as to defendant Russell on the basis that defendant Fleming's negligence was the sole cause of the damage to plaintiff Robert Weisenborn's automobile. Defendants-appellants raise three assignments of error, as follows:

"I.   The trial court erred in sustaining defendants-appellees' motion for a directed verdict on the issue of causation, for reasonable minds could not come to but one conclusion upon the evidence submitted.

"II.   The trial court erred in failing to specify the basis for its decision as to its directed verdict on defendant-appellee's cross-claim for damages.

"III.   Regardless of the basis for the trial court's decision on appellee's cross-claim, it was inconsistent with its decision that appellants' negligence was the sole cause of the accident."

This matter arose out of a three-car accident at the intersection of Route 33 and Lane Avenue. For some distance prior to the intersection, the southbound lanes of Route 33 are marked with signs on the side of the road and on the pavement to indicate that the left southbound lane is for turning left only, while the right southbound lane is reserved for continuous traffic. There is a concrete divider between the two lanes. Defendant Russell, while driving a truck for defendant Firestone, failed to realize that the right southbound lane in which he was traveling was continuous. Russell noted only the red light for the left southbound lane of Route 33 and abruptly stopped in obedience thereto, not noticing the green arrow for the lane in which he was traveling. Plaintiff Weisenborn was traveling behind Russell and was able to quickly apply his brake and stop two to three feet behind Russell's truck. Defendant Fleming, in the third car, immediately behind plaintiff, attempted to stop but could not do so. Fleming's vehicle hit plaintiff Weisenborn's vehicle, which then hit Russell's truck.

The trial court properly found that Russell failed to exercise ordinary care by directing a verdict in favor of defendant Fleming upon defendant Russell's cross-claim, stating that defendant Russell "was the author of his own undoing in getting this truck damaged." Apparently, the trial court found defendant Russell to be negligent in stopping in a continuous lane, and defendant Fleming to be negligent in failing to maintain an assured clear distance ahead. However, the trial court found that defendant Russell's negligence was not a proximate cause of

the collision between defendant Fleming's vehicle and plaintiff Weisenborn's vehicle but was a proximate cause of the resultant collision between plaintiff Weisenborn's vehicle and defendant Russell's truck.

Upon a motion for a directed verdict in a jury trial, the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. Thus, the evidence must be construed differently with respect to the two motions for a directed verdict. Upon defendant Russell's motion for a directed verdict, the evidence must be construed most strongly in favor of plaintiffs and the motion overruled unless, upon the evidence so construed, reasonable minds could only conclude that any negligence of defendant Russell was not a proximate cause of the damage to plaintiff Weisenborn's vehicle. Conversely, upon defendant Fleming's motion for a directed verdict upon defendant Russell's cross-claim, the trial court was required to construe the evidence most strongly in favor of defendant Russell. Accordingly, it would not necessarily be inconsistent for the trial court to overrule both motions. Here, however, the trial court sustained both motions. This creates an inconsistency because, to the extent that defendant Russell was negligent and his negligence was a proximate cause of damage to his truck, it also must be a proximate cause of that damage to plaintiff Weisenborn's vehicle caused by the collision between plaintiff Weisenborn's vehicle and defendant Russell's vehicle. For this reason, the third assignment of error is well-taken, unless for other reasons any error is nonprejudicial, which is discussed *infra*.

As to the second assignment of error, the trial court did sufficiently specify the basis for its decision directing a verdict upon defendant Russell's cross-claim for damages, and, if further explanation was desired, it should have been requested from the trial court. The statement by the trial court is minimally sufficient to meet the requirements of Civ. R. 50 (E). The

second assignment of error is not well-taken.

The crucial issue in this case is that raised by the first assignment of error. R.C. 4511.12 requires the driver of a vehicle to obey traffic-control devices. R.C. 4511.13(A)(2) provides that the green arrow signal indicates that the motorist may cautiously enter the intersection and make the movement indicated by the arrow by yielding the right-of-way to pedestrians and other traffic lawfully using the intersection.

Under the circumstances of this case, reasonable minds could find that defendant Russell was negligent in stopping his vehicle in the continuous lane. Under the "but for" test, defendant Russell's negligence was a proximate cause of the stopping of plaintiff Weisenborn's vehicle and the resultant collision when defendant Fleming failed to stop since there is no indication that plaintiff Weisenborn would have stopped had defendant Russell not stopped in his path. Thus, defendant Russell's negligence would be a proximate cause of the injury and damage to plaintiff Weisenborn's vehicle, unless defendant Fleming's negligence in failing to maintain an assured clear distance behind plaintiff Weisenborn's vehicle constituted a responsible intervening cause. Varying results have been reached from the different situations involved in cases from other jurisdictions. See, Annotation, Sudden or Unsignaled Stop or Slowing of Motor Vehicle as Negligence, 29 A.L.R. 2d 5.

An injury or damage is the proximate result of negligence where it is the natural and probable consequence of the negligence such as might or ought to have been foreseen by the negligent party under the circumstances. Thus, one of the tests for ascertaining proximate cause is whether under the circumstances the negligent party might and should have foreseen or anticipated the injury as likely to result from his negligent conduct. The test is not what defendant Russell actually realized or foresaw but that which a

reasonable person under the circumstances would anticipate.

Thus, the initial question as to proximate causation is whether it would be reasonable for a jury to find that a person stopping his vehicle in a continuous lane of traffic would anticipate that, although a vehicle immediately following him would be able to stop to avoid a collision, a third vehicle following the second would not be able to do so. We do not feel that this issue can be determined as a matter of law but, rather, it is one upon which reasonable minds could reach different conclusions under the circumstances of this case.

However, as we have noted, there is also a doctrine of intervening cause. The trial court apparently felt that defendant Russell's negligence had come to rest, so that defendant Fleming's negligence was an intervening cause. Thus, where a new and independent force acting by itself intervenes and causes an injury, it breaks the causal connection between the original defendant's negligence and the injuries if the new force is not only independent but is not brought into operation by the original wrongful act and would have produced the result irrespective of the original wrong.

Here, however, defendant Fleming's negligence was set in motion by defendant Russell's negligence. Had defendant Russell not negligently stopped, forcing plaintiff Weisenborn to stop his vehicle, there would have been no necessity for defendant Fleming's stopping his vehicle, even though he was failing to maintain an assured clear distance ahead while following plaintiff's vehicle. In other words, defendant Russell's negligence set in motion the chain of events which ensued, and the causal connection was not broken by defendant Fleming's negligence under the circumstances of this case. At least, reasonable minds could reach different conclusions upon this issue. See *Community Traction Co.* v. *Freeman* (1927), 116 Ohio St. 448, and *Taylor* v. *Webster* (1967), 12 Ohio St. 2d 53 [41 O.O.2d 274].

Accordingly, under the evidence in this case, construed most strongly in favor of plaintiffs, reasonable minds could conclude that defendant Russell was negligent, and that that negligence was a proximate cause of the damage to plaintiff Weisenborn's vehicle, making defendant Russell and defendant Fleming concurrent tortfeasors. See *Garbe* v. *Halloran* (1948), 150 Ohio St. 476 [38 O.O. 325]. See, also, *Szabo* v. *Tabor Ice Cream Co.* (1930), 37 Ohio App. 42, and *Sayles* v. *Cabell* (1933), 15 Ohio Law Abs. 568. Accordingly, the trial court did err in directing a verdict in favor of defendant Russell and his employer, defendant Firestone Tire & Rubber Company. When the evidence is construed most strongly in favor of the adverse parties, reasonable minds could reach different conclusions as to whether defendant Russell was negligent, and as to whether that negligence was a proximate cause of the ensuing collision between the vehicle operated by defendant Fleming and that operated by plaintiff Weisenborn. Thus, the trial court erred in directing a verdict in favor of defendant Russell and defendant Firestone Tire & Rubber Company. To this extent, the first assignment of error is well-taken. Likewise, the third assignment of error is well-taken.

For the foregoing reasons, the second assignment of error is overruled, and the first and third assignments of error are sustained; and the judgment of the Franklin County Municipal Court is reversed insofar as it granted a directed verdict in favor of defendants Firestone Tire & Rubber Company and Robert Russell, and is affirmed in all other respects; and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

MOYER and NORRIS, JJ., concur.