**PIPER, Appellant,**

v.

**McMILLAN, et al., Appellees.**

[Cite as *Piper v. McMillan* (1999), 134 Ohio App.3d 180.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98CA42.

Decided Sept. 30, 1999.

182

*Douglas B. Taylor,* for appellant.

*John C. Pfau* and *Matthew R. Planey,* for appellee Elizabeth M. Fludd.

*Joseph A. Ferrante,* for appellee Roy F. McMillan.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Elizabeth Piper, appeals from an order of the Mahoning County Common Pleas Court granting summary judgment in favor defendants-appellees, Elizabeth M. Fludd and Roy F. McMillan.

On November 3, 1995, Fludd was traveling north on Interstate 680 in the far left lane. Visibility was clear and there were no adverse weather conditions. It was approximately 7:15–7:20 a.m. Fludd heard her car begin to make a noise and, thereafter, began to experience car trouble. Due to traffic coming from behind her and to the right, she pulled to the left side of the roadway. When she came to a stop, a portion of the passenger's side of her vehicle remained in the far left lane of travel.

McMillan was also traveling north in the far left lane that morning. As he came upon Fludd's vehicle he was unable to stop in time and struck the rear of her vehicle.

Appellant was also traveling north in the far left lane behind McMillan. Appellant, too, was unable to stop in time and struck the rear of McMillan's car.

On April 12, 1996, appellant filed a complaint against Fludd and McMillan alleging negligence. On June 13, 1996, McMillan filed an answer and cross-claim against Fludd. On August 6, 1996, Fludd filed an answer to McMillan's cross-claim and filed a cross-claim of her own against McMillan. On October 15, 1996, Fludd filed an answer to appellant's complaint.

On October 14, 1997, Fludd filed a motion for summary judgment against appellant's claims and McMillan's cross-claim. Fludd alleged that there existed no material issue of fact regarding liability on her part because appellant's own negligence was the proximate cause of her injuries. Both appellant and McMillan filed briefs in opposition to Fludd's motion for summary judgment. On December 18, 1997, Fludd's cross-claim against McMillan was settled and dismissed.

On February 6, 1998, the trial court granted Fludd's motion for summary judgment on appellant's claims as well as the cross-claim filed by McMillan. On March 3, 1998, appellant filed a timely notice of appeal. On August 14, 1998, the trial court filed a judgment entry *nunc pro tunc* dismissing appellant's claims against McMillan and incorporating this dismissal into the court's February 6, 1998, order granting Fludd's motion for summary judgment.

In her sole assignment of error, appellant alleges:

"The trial court erred in granting summary judgment in a claim for damages resulting from a three car accident, when a genuine issue of material fact exists with regard to the negligence of each of the parties being the proximate cause of the collision."

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 244–245. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1976), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, Civ.R. 56(C).

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential

element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." (Emphasis *sic.*) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

"If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher, supra,* at 293, 662 N.E.2d at 274.

Appellant asserts the following proposition of law:

"In a three car accident where plaintiff driver is driving the rear vehicle and alleges the other drivers were negligent *per se* for violations of traffic statutes, the question of whether the negligence of any party was the proximate cause of the ensuing collision, in which the plaintiff driver sustained personal injuries, is for jury determination."

Appellant's assignment of error is best resolved by making a two-step inquiry. First, we will examine the extent of each parties' negligence. Second, we will focus on how that negligence should be apportioned among the parties, if at all.

## II. NEGLIGENCE OF EACH INDIVIDUAL PARTY

### A. Appellee Fludd's Negligence

Appellant argues that Fludd was negligent because she violated R.C. 4511.66. R.C. 4511.66 provides:

"Upon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In

every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

"This section does not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position."

Appellant cites *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The court in *Smiddy* explained R.C. 4511.66 as follows:

"Although R.C. 4511.66 is a highway safety statute, it does not provide for an absolute prohibition against stopping, parking, or leaving a vehicle standing on the traveled portion of a highway. Rather, doing so is prohibited only if it is *practicable* to stop, park, or leave the vehicle off the traveled portion of the highway. Further, the statute exculpates the driver if it is *impossible* to avoid stopping and temporarily leaving the disabled vehicle in such position. Therefore, negligence does not automatically follow from the fact that a disabled vehicle is stopped on the traveled portion of a highway." (Emphasis *sic.*) *Id.* at 37–38, 30 OBR at 80, 506 N.E.2d at 216.

At her deposition, Fludd testified as follows:

"Q: Except for the noise, you could have—could you have driven to the next exit with that noise?

"A: I don't think so. I don't know.

"Q: But it's possible?

"A: It was possible."

The aforementioned testimony was the only evidence before the trial court on the issue of whether Fludd violated R.C. 4511.66. Viewing this evidence in a light most favorable to appellant, reasonable minds could conclude that it might have been practicable for Fludd to stop, park, or leave her vehicle off the traveled portion of the highway. Alternatively, reasonable minds could conclude that it might have been impossible for Fludd to avoid leaving her vehicle in such a position. Therefore, as to Fludd's alleged violation of R.C. 4511.66, there remain genuine issues of material fact, rendering summary judgment improper. Furthermore, the Supreme Court of Ohio has held that summary judgment is improper where reasonable minds could differ as to whether a driver violated R.C. 4511.66. *Smiddy, supra.*

Appellant argues that Fludd was negligent because she also failed to provide the proper warning signals in violation of R.C. 4511.39 and R.C. 4513.071. R.C. 4511.39 provides, in part:

"No person shall stop or suddenly decrease the speed of a vehicle or trackless trolley without first giving an appropriate signal in the manner provided herein to the driver of any vehicle or trackless trolley immediately to the rear when there is opportunity to give a signal.

"Any stop or turn signal required by this section shall be given either by means of the hand and arm, or by signal lights."

R.C. 4513.071 provides, in part:

"All motor vehicles when operated upon a highway shall be equipped with at least one stop light mounted on the rear of the vehicle which shall be actuated upon application of the service brake, and which may be incorporated with other rear lights.

" * * *

"Such stop lights when actuated shall give a steady warning light to the rear of a vehicle or train of vehicles to indicate the intention of the operator to diminish the speed of or stop a vehicle or train of vehicles."

Appellant cites *Crawford v. Halkovics* (1982), 1 Ohio St.3d 184, 1 OBR 213, 438 N.E.2d 890. In *Crawford,* the court found that a jury question was presented where evidence existed that a vehicle's stop lights may not have been activated at the time of the collision.

Appellant also cites *Coronet Ins. Co. v. Richards* (1991), 76 Ohio App.3d 578, 602 N.E.2d 735. *Richards* involved an accident where driver No. 1 rear-ended driver No. 2. The court found that driver No. 1 was negligent *per se* for violation of R.C. 4511.21(A) (failure to maintain an assured clear distance ahead). The court found that driver No. 2 was negligent *per se* for violation of R.C. 4511.39 (quoted above). Because both drivers were negligent *per se,* the court held that the trial court should have applied the law of comparative negligence and apportioned the negligence between the two parties. *Id.* at 585, 602 N.E.2d at 739.

On the issue of whether the emergency flashers on Fludd's vehicle were activated at the time of the accident, the evidence adduced below was in conflict. In his response to Fludd's motion for summary judgment, McMillan produced the affidavits of Mark C. Higgins and Curt G. McKay, both of whom indicated that the flashers on Fludd's vehicle were not activated at the time of the accident. At her deposition, appellant testified as follows:

"Q: I have a couple of follow-up questions, ma'am. This woman who said she was a witness standing there, this Alice McClendon lady, she made a statement where she has indicated that she had stopped for this car that was on the left side of the road with flashers working. Do you recall her saying to you anything about the fact that the car that was stopped had the flashers working?

"A: No.

"Q: She didn't say anything one way or the other?

"A: I remember her saying the car was just sitting there, and she stopped to ask her why.

"Q: So whether she saw it with the flashers on or not, she never made any comment to you one way or the other about that; correct?

"A: I thought—I didn't think she had the flashers on.

"Q: I'm looking at a statement summary that was taken on your behalf by people representing you, and the summary of her statement by your representative was that she said that 'I came to the area and saw a car off to the left side of the road with flashers working.' And I assume she's talking about the car, the car that Mrs. Fludd had been driving. This is the first you ever heard of the McClendon woman indicating the flashers were working on that vehicle?

"A: Yes."

At her deposition, Fludd testified as follows:

"Q: Okay. Now, did you check to see if your flashers were working after the car was dead and the keys were out of the litigation [*sic,* ignition]?

"A: Yeah.

"Q: They were still working?

"A: They were on, yes."

As the above testimony clearly illustrates and viewing it in a light most favorable to appellant, reasonable minds could conclude that the emergency flashers on Fludd's vehicle were activated at the time of the accident. Alternatively, reasonable minds could conclude that the emergency flashers on Fludd's vehicle were *not* activated at the time of the accident. Therefore, as to Fludd's alleged violation of R.C. 4511.39 and R.C. 4513.071, there remain genuine issues of material fact, making summary judgment improper.

Furthermore, genuine issues of material fact exist as to whether Fludd was negligent, apart from her alleged violation of R.C. 4511.66, R.C. 4511.39, and R.C. 4513.071. Construing the evidence in a light most favorable to appellant, reasonable minds might conclude that Fludd violated a duty owed to McMillan

and appellant by failing to do what a reasonably prudent person would have done under the circumstances. *Smiddy, supra,* 30 Ohio St.3d at 38, 30 OBR at 80–81, 506 N.E.2d at 216, citing *Davison v. Flowers* (1930), 123 Ohio St. 89, 174 N.E. 137. Reasonable minds could conclude that a reasonably prudent person would have taken action to warn approaching motorists of the danger presented by her stalled vehicle, rather than remaining inside it. *Id.*

## B. Appellee McMillan's Negligence

Appellant does not address the issue of McMillan's negligence in her brief. However, this court's *de novo* review of this case and successful resolution of appellant's assignment of error necessarily requires it.

The most obvious issue relating to McMillan's negligence is his violation of Ohio's assured clear distance ahead statute. R.C. 4511.21(A) provides, in part:

"[N]o person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."

The elements necessary to constitute a violation of R.C. 4511.21(A) are "that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Pond v. Leslein* (1995), 72 Ohio St.3d 50, 52, 647 N.E.2d 477, 478, quoting *Blair v. Goff-Kirby Co.* (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 4–5, 358 N.E.2d 634, 635– 636. "Violation of the assured clear distance ahead statute constitutes negligence *per se.*" *Id.* at 53, 647 N.E.2d at 478.

The evidence adduced below established all of the elements necessary to constitute a violation of the assured clear distance ahead statute on the part of McMillan. It was established (1) that Fludd's vehicle (the vehicle with which he collided) was ahead of him in his path of travel, (2) that Fludd's vehicle was stationary or moving in the same direction as McMillan's vehicle, and (3) that Fludd's vehicle did not suddenly appear in McMillan's path.

There was also testimony that it was clear and daylight and that there were no adverse weather conditions. "An automobile * * * stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." *Smiddy, supra,* paragraph two of the syllabus. Therefore, the fourth element was met (*i.e.,* that Fludd's vehicle was reasonably discernible). Accordingly, there exists no genuine issue of material fact relating to McMillan's violation of Ohio's assured clear distance ahead statute.

## C. Appellant's Negligence

In response to appellant's sole assignment of error, both McMillan and Fludd assert that the trial court properly dismissed appellant's claims because she violated R.C. 4511.21(A) (failure to maintain an assured clear distance ahead) and, thus, the cause of her injuries was her own negligence.

The evidence adduced below established all of the elements necessary to constitute a violation of the assured clear distance ahead statute. Appellant testified at her deposition that she had been traveling behind McMillan for at least one mile before the accident. This establishes (1) that McMillan's vehicle (the vehicle with which she collided) was ahead of her in her path of travel, (2) that McMillan's vehicle was stationary or moving in the same direction as appellant's vehicle, and (3) that McMillan's vehicle did not suddenly appear in appellant's path.

Appellant also testified that it was clear and daylight and that there were no adverse weather conditions. "An automobile * * * stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." *Smiddy, supra,* paragraph two of the syllabus. Therefore, the fourth element was met (*i.e.,* that McMillan's vehicle was reasonably discernible). Accordingly, there exists no genuine issue of material fact relating to appellant's violation of Ohio's assured clear distance ahead statute.

In response to appellees' claim that appellant failed to maintain an assured clear distance ahead, appellant asserts the "sudden emergency" doctrine or exception. The only defense to a violation of Ohio's assured clear distance ahead statute is that the assured clear distance ahead was suddenly cut down or lessened by entrance into the driver's lane of travel of some obstruction that rendered her unable, in the exercise of ordinary care, to avoid colliding with the obstruction. *Cox v. Polster* (1963), 174 Ohio St. 224, 226, 22 O.O.2d 220, 221, 188 N.E.2d 421, 423. In this case, appellant argues that, even though she was following McMillan from a safe distance, it was physically impossible for her to avoid colliding with McMillan following McMillan's collision with Fludd. Appellant attempts to substantiate this argument with the opinion of her purported expert, Dr. Tarantine. After reviewing all pertinent material, Tarantine concluded that appellant was following McMillan at a distance of between eighty-three to one-hundred-twenty-six ft. He further concluded that appellant's collision could have been avoided had McMillan avoided his collision with Fludd.

Appellees cite *Didier v. Johns* (1996), 114 Ohio App.3d 746, 684 N.E.2d 337, in support of their assertion that the "sudden emergency" doctrine is inapplicable to the facts presented by this case. In *Didier,* plaintiff Didier was operating his

motorcycle east, following a bus going in the same direction. Defendant driver was operating his vehicle west on the same road. Defendant driver fell asleep at the wheel and drifted across the center line, forcing the bus to stop quickly. Plaintiff was unable to stop quickly enough and, as a result, hit the bus, went underneath the bus, and sustained severe injuries. Plaintiff sued defendant. The trial court found that plaintiff was negligent *per se* because he failed to maintain an assured clear distance ahead and rejected plaintiff's assertion of the "sudden emergency" exception. Plaintiff appealed.

The Second District ruled against plaintiff and adopted the trial court's opinion as its own. It read:

"Plaintiff tries to discount his negligence by pointing to the reason the bus in front of him stopped short and then applying the 'sudden emergency' doctrine, not to the bus in front of the Plaintiff, but to the object in front of the bus. However, the assured clear distance statute, by its very nature, often involves a situation wherein a vehicle stops short or abruptly in front of a second vehicle, which then collides with the first. A violation of the assured clear distance statute occurs unless 'such assured clear distance ahead is, without [the driver's fault], suddenly cut down or lessened by the entrance *within such clear distance* and into his path or lane of travel an obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.' *Erdman v. Mestrovich* (1951), 155 Ohio St. 85 [44 O.O. 97, 97 N.E.2d 674], paragraph 2 of the syllabus (emphasis added). The 'sudden emergency' doctrine refers to the object immediately in front of the second vehicle and not an object somewhere up the chain of collisions. The fact that Defendant's car caused the bus in front of Plaintiff's motorcycle to stop short does not bear on the further fact that Plaintiff did not leave enough distance between his motorcycle and the clearly discernible bus in front of him to stop when the bus stopped quickly or suddenly. If Plaintiff had kept the assured clear distance which is required by the O.R.C. section 4511.21(A), he would have been able to stop in enough time to avoid injury to himself. Thus, it was not whether or not Defendant crossed the center line to cause the bus to stop short that is the dispositive issue, it is that Plaintiff failed to keep an assured clear distance from the vehicle in front of him which would have enabled him to avoid the injuries he sustained.

"Based on the above, this Court finds that there are no genuine issues of material fact in this case, and that Defendant is entitled to judgment as a matter of law." *Id.* at 752, 684 N.E.2d at 340–341.

The court added:

"The law is clear that Didier was obliged to maintain an assured clear distance ahead of him, and the reasons necessitating the slowing or the stopping of the vehicle ahead of him are immaterial. *Cox v. Polster* (1963), 174 Ohio St. 224, 22

O.O.2d 220, 188 N.E.2d 421; *Pruitt v. Bd. of Review, Ohio Bur. of Emp. Serv.* (Feb. 4, 1993), Franklin App. No. 92AP–1141, unreported, 1993 WL 27701." *Id.* at 752, 684 N.E.2d at 341.

Appellant testified at her deposition that she had been traveling behind McMillan for at least one mile before the accident. Appellant also testified that it was clear and daylight and that there were no adverse weather conditions. The fact that Fludd's vehicle caused McMillan to stop suddenly is irrelevant to the fact that appellant did not leave enough distance between her vehicle and the McMillan's clearly discernible vehicle. *Didier, supra.* Consequently, there remain no genuine issues of material fact as to appellant's defense of "sudden emergency."

## III. COMPARATIVE NEGLIGENCE

 The remaining issue is how each party's negligence should be apportioned. In *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 646, 597 N.E.2d 504, 508 the Ohio Supreme Court held:

"Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. *Hitchens v. Hahn* (1985), 17 Ohio St.3d 212, 213–214, 17 OBR 447, 448, 478 N.E.2d 797, 799; *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 14 OBR 446, 471 N.E.2d 477. Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. R.C. 2315.19(B). A plaintiff may recover where his contributory negligence is equal to or less than the combined negligence of all the defendants. R.C. 2315.19(A)(2)." [1]

Fludd cites *Bowcott v. Action Door Co.* (Nov. 22, 1989), Cuyahoga App. No. 56261, unreported, 1989 WL 142386, where the court granted a defendant summary judgment pursuant to *Mitchell v. Ross* (1984), 14 Ohio App.3d 75, 14 OBR 87, 470 N.E.2d 245. In *Bowcott,* defendant's van had stalled in traffic. Plaintiff was unable to stop in time and crashed into the rear of the van. Plaintiff conceded his own negligence in failing to maintain an assured clear distance

---

1. R.C. 2315.19(A)(2) provides in pertinent part:

"Contributory negligence * * * of a person does not bar the person * * * from recovering damages that have directly and proximately resulted from the negligence * * * of one or more other persons, if the contributory negligence * * * of the plaintiff * * * was no greater than the combined negligence * * * of all other persons from whom the plaintiff seeks recovery and of all other persons from whom the plaintiff does not seek recovery, including, but not limited to, persons who have entered into a settlement agreement with the plaintiff, persons whom the plaintiff has dismissed from the tort action without prejudice, and persons whom the plaintiff has dismissed from the tort action with prejudice, whether or not a person was or could have been a party to the tort action."

ahead, but claimed that the defendant was negligent in failing to display warning flags. The trial court granted defendant's motion for summary judgment. Applying *Mitchell, supra,* and *Smiddy, supra,* the Eight District found that defendant's negligence in failing to display warning flags was exceeded by plaintiff's negligence in failing to maintain an assured clear distance ahead and affirmed the trial court's granting of summary judgment in favor of defendant.

*Bowcott* is distinguishable from the case at hand. In *Bowcott,* the court found that even if the defendant had displayed warning flags, and plaintiff had seen those flags, it was apparent from the facts that plaintiff could not have stopped in time to avoid hitting defendant's van. In this case, there remain genuine issues of material fact as to whether McMillan and/or appellant could have stopped in time to avoid hitting Fludd's vehicle had Fludd displayed warning flags. However, as we indicated in our discussion of Fludd's negligence, there remains a genuine issue of material facts as to whether it was impossible for Fludd to leave her vehicle in the position she did or whether it might have been practicable for Fludd to stop, park, or leave her vehicle off the traveled portion of the highway.

Pursuant to *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 14 OBR 446, 471 N.E.2d 477, cited by appellant, summary judgment is improper on the facts of this case. *Shinaver* also involved a multivehicle accident. The court held:

"Where the plaintiff driver is traveling immediately behind the defendant driver, and both parties are negligent *per se* for failing to maintain the assured clear distance ahead in violation of R.C. 4511.21, the question of whether the negligence of either party was the proximate cause of the ensuing collision, in which the plaintiff driver sustained personal injuries, is for jury determination." *Shinaver, supra,* paragraph one of the syllabus.

██ The import of *Shinaver* is that in a multivehicle collision case, the driver of the first or lead vehicle could be held liable for damages to vehicles following the driver if he/she was negligent. *Heffner v. A&C Trucking Co.* (Jan. 23, 1985), Hamilton App. No. C–840144, unreported, at *3, 1985 WL 9274. Similar cases are in accord. See *Grange Mut. Cas. Co. v. Fleming* (1982), 8 Ohio App.3d 164, 8 OBR 223, 456 N.E.2d 816; *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 10 OBR 129, 460 N.E.2d 701.

As indicated earlier, there are genuine issues of material fact relating to the negligence of Fludd. Furthermore, after construing the evidence most strongly in favor of appellant, we believe that reasonable minds could reach different conclusions as to whether appellant's contributory negligence is greater than the combined negligence of McMillan and Fludd.

In summary, we find that genuine issues of material fact remain as to whether Fludd was negligent. We find that no genuine issues of material fact remain as

to the negligence of appellant and McMillan. Concerning the apportionment of the parties' negligence, we find that reasonable minds could reach different conclusions on how the negligence should be apportioned.

Accordingly, appellant's sole assignment of error has merit.

The decision of the trial court is hereby reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

VUKOVICH and WAITE, JJ., concur.