[Cite as *Cleveland Elec. Illum. Co. v. Major Waste Disposal*, 2016-Ohio-7442.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CLEVELAND ELECTRIC ILLUMINATING COMPANY, | : | **O P I N I O N** |
| | : | |
| Plaintiff, | | |
| | : | **CASE NOS. 2015-L-104** |
| THE OHIO BELL TELEPHONE COMPANY, | : | **and 2015-L-105** |
| | : | |
| Plaintiff-Appellant, | : | |
| - vs - | : | |
| MAJOR WASTE DISPOSAL, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeals from the Lake County Court of Common Pleas, Case Nos. 14 CV 001957 and 15 CV 000283.

Judgment: Affirmed.

*William H. Hunt* and *Lydia E. Cancilla,* W.H. Hunt Legal Group, LLC, 24500 Center Ridge Road, Suite 170, Westlake, OH 44145; and *Edward L. Bettendorf,* AT&T, 45 Erieview Plaza, Suite 1400, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Michael D. Fitzpatrick,* The Cincinnati Insurance Company, 55 Public Square, Suite 930, Cleveland, OH 44113 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, The Ohio Bell Telephone Company, appeals from the order of the Lake County Court of Common Pleas, awarding appellee, Major Waste Disposal, summary judgment on appellant's negligence claim. We affirm.

{¶2} At the time of the incident, Eric Tyson had been employed by appellee for approximately 13 years. For nine years, he was a "slinger" on a rear-loading garbage truck; and, prior to the incident, he had been a driver, for four years, on the Mack garbage truck that is the subject of the underlying suit. For the entirety of his 13-year employment with appellee, Tyson weekly drove or worked a stretch of Hoose Road in Concord Township, Lake County, Ohio. On February 20, 2013, Tyson, at approximately 12:00 p.m., was at his last stop on Hoose Road. After lowering the bucket and hydraulic arms of the truck, he confirmed there was no garbage on the top of the truck; he then drove away at approximately 10 m.p.h. As he trundled forward, his truck snagged a low-hanging Ohio Bell power line strung diagonally across Hoose Road. In the 13 years he worked this route, Tyson never encountered a low-hanging aerial line on Hoose Road.

{¶3} On October 8, 2014, the Cleveland Electric Illuminating Company ("CEI") filed a complaint against appellee and Tyson. On February 19, 2015, appellant filed its complaint against appellee and Tyson. Both complaints sounded in negligence. On May 6, 2015, appellee and Tyson moved to consolidate the cases. The motion was granted.

{¶4} On July 13, 2015, appellee and Tyson moved for summary judgment. In the motion, they argued they did not owe a duty of care to either plaintiff because neither Tyson, nor Major Waste created the low-wire hazard. Moreover, they argued that even though the wire was drooping, the incident was not foreseeable because in his 13 years working Hoose Road, he never noticed or observed low-hanging wires. And, on the day in question, Tyson believed his truck had clearance to travel under the

2

subject line. Attached to the motion was the affidavit filed by Tyson, detailing his background as an employee for appellee as well as the circumstances of the accident.

{¶5} Appellee also attached the affidavit of Ralph P. Dolence, an electrical contractor who inspected the scene of the incident, interviewed witnesses, and measured the garbage truck driven by Tyson. At its highest point the truck measured 13'4" from the ground. He averred the National Electric Safety Code ("NESC") standards mandate a minimum vertical clearance of such wires to be 15'5" from the ground. Given the circumstances of the incident, Dolence averred the line must have been less than 13'4" from the ground, in violation of the NESC standards.

{¶6} Appellant filed a memorandum in opposition, arguing there were genuine issues of material fact for litigation; namely, whether the low-hanging wire was reasonably discernible such that Tyson would have been required to take notice of the hazard to avoid damaging the line; appellant analogized the incident to situations in which a motorist has an obligation to assure clear distance between herself and another motorist or object on the road to avoid causing damage to the motorist or object. CEI relied on the arguments asserted in appellant's memorandum in opposition; CEI asserted, however, if the court granted appellee's and Tyson's motion for summary judgment, that determination implied appellant was liable to CEI for the damaged caused to its property.

{¶7} On August 19, 2015, the trial court granted appellee's motion for summary judgment. Appellant filed a timely notice of appeal and assigns two errors for this court's review. Its first assignment of error states:

**{¶8}** "The trial court erred in granting defendants' motion for summary judgment upon the basis that the Ohio Bell aerial cable was below the standard established by the NESC."

**{¶9}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is analyzed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

**{¶10}** "[I]n order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶8.

**{¶11}** Under its first assignment of error, appellant concedes that the line snagged by appellee's truck was low; it points out, however, the record does not disclose why the line was low. Appellant further underscores that it had no notice of the sagging line. Without reasonable notice, appellant asserts, it was under no obligation to

4

exercise reasonable care and address the hazard. Appellant further argues the trial court erred in applying the NESC standards in entering summary judgment because there were insufficient facts in the record to correctly apply the NESC.

{¶12} Preliminarily, appellant filed suit alleging appellee was negligent. Appellee did not file a counterclaim alleging appellant was negligent. It is accordingly irrelevant whether appellant breached a duty of care by failing to address the low line. In its motion for summary judgment, appellee simply argued neither it nor Tyson owed appellant a duty of care because (1) they did not create the hazard and (2) the occurrence of the truck snagging the low-hanging line was not foreseeable. Appellant does not specifically challenge these arguments under its first assignment of error.

{¶13} Moreover, Dolence, in his affidavit, noted that the NESC standards, which are applicable in Lake County, Ohio, require a minimum vertical clearance of wires, such as the one in question, of 15'5" above the ground. Appellant neither challenged Dolence's reference to the NESC standards in his affidavit nor did it specifically take issue with the substantive averments relating to the standards. Appellant accordingly waived any argument relating to the applicability of the standards.

{¶14} Appellant's first assignment of error is without merit.

{¶15} Appellant's second assignment of error provides:

{¶16} "The trial [court] erred in failing to find that the Ohio Assured Clear Distance Ahead Statute presented a genuine issue of material fact, thereby preventing summary judgment."

{¶17} Appellant contends the trial court erred in awarding summary judgment because there is a genuine issue of material fact regarding whether Tyson was

5

negligent in failing to assure clear distance, pursuant to R.C. 4511.21, when he encountered and struck the power line.

**{¶18}** R.C. 4511.21(A), Ohio's assured-clear-distance-ahead statute, provides:

**{¶19}** (A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

**{¶20}** R.C. 4511.21(A) requires a party to produce evidence "(1) that the object with which [an] operator collided was located ahead of him in his lane of travel, and (2) that such object was reasonably discernible, and (3) that the object was (a) static or stationary, or (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible, in the exercise of ordinary care, to bring his vehicle to a stop and avoid a collision." *McFadden v. Elmer C. Breuer Transp. Co.*, 156 Ohio St. 430 (1952), paragraph one of the syllabus.

**{¶21}** A violation of R.C. 4511.21(A) is negligence per se. *Pond v. Leslein*, 72 Ohio St.3d 50, 53 (1995). "[C]ases involving the assured clear distance statute require evaluation of the conduct of the driver in light of the facts surrounding the collision." *Purcell v. Norris,* 10th Dist. Franklin No. 04AP-1281, 2006-Ohio-1473, ¶16. "Where conflicting evidence is introduced with respect to the assured-clear-distance-ahead provision (R.C. 4511.21[A]), the issue of whether an object is reasonably discernible on a highway * * * is usually a question of fact for a jury to determine." *Sharp v. Norfolk & W. Ry. Co.*, 36 Ohio St.3d 172 (1988), syllabus.

6

{¶22} In support of its position, appellant cites the First Appellate District's opinion in *Scroff v. Foley Const. Co.*, 87 Ohio App. 277 (1st Dist.1950). In *Scroff*, a motorist was traveling east on a dark, foggy night. He approached a construction site where a crane had blocked the south half of the road and a "boom," extending from the cab of the crane, hung approximately five feet above the road and encroached upon the northern portion of the road. Upon noticing the crane, the motorist turned his vehicle to the left onto the northerly half of the road to avoid a collision with the cab of the crane; as he did so, the boom, which was out of the range of his headlights, struck the top of the vehicle, causing extensive damage. The driver filed suit and a jury found in his favor. The court of appeals reversed, based upon the motorist's testimony and Ohio's assured-clear-distance-ahead statute. The court stated:

> {¶23} [A]ccording to plaintiff's own testimony he had ample warning that a dangerous condition existed in the highway. To leave to the jury the right to speculate upon whether the plaintiff exercised proper care in proceeding is to negative the evident intent of the Legislature to permit operation of a motor vehicle upon a highway only when the driver can see where he is going and what is in his path. If he cannot see, as the plaintiff states he could not, still proceeding constitutes a violation of the statute. No sudden emergency is here involved. There is no sudden or unexpected *entrance* of an object into the path in which plaintiff was proceeding. The plaintiff obviously knew he was in an area of danger, where his lights were of little value, and still he drove his automobile into a static object fully discernible, except for fog, darkness, and distance. (Emphasis sic.) *Id.* at 288.

{¶24} This matter is distinguishable from *Schroff*. In his affidavit, Tyson averred that, during the 13 years he weekly drove or worked on the route that included Hoose Road, he had never encountered a low-hanging electrical wire that crossed the road. On the date of the incident, Tyson asserted he finished his last pick-up, made certain the hydraulic arms and bucket of his truck were in the down position. He then confirmed

there was no garbage on the top of the truck and drove west down Hoose Road at 10 m.p.h.  At this point, the line snagged the upper part of Tyson's truck.  Tyson averred, "[a]t all times prior to and at the time the Ohio Bell line snagged on my truck, I operated my truck in compliance with Ohio law and kept reasonable lookout for hazardous conditions.  *The Ohio Bell line did not appear to be at a height that would come in contact with my truck*." (Emphasis added.)  Tyson further emphasized that, because he had never observed a low-hanging overhead line, he had no reason to believe the line in question would be at a height low enough to come in contact with the truck.

{¶25}  "'The word "discernible" ordinarily implies something more than "visible." "Visible" means perceivable by the *eye* whereas "discernible" means *mentally* perceptible or distinguishable, -- capable of being "discerned" by the *understanding* and not merely by the senses.'" (Emphasis sic.) *McFadden v. Elmer C. Breuer Transp. Co.,* 156 Ohio St. 430, 441-442 (1952), quoting *Colonial Trust Co., Admr. v. Elmer C. Breuer, Inc.*, 363 Pa. 101 (1949).  Accordingly, "'[d]iscernible'' means cognitive awareness while 'visible' means merely capable of being seen."  *Tritt v. Judd's Moving & Storage, Inc.*, 62 Ohio App.3d 206, 217 (10th Dist.1990).

{¶26}  In the instant case, there is no evidence that Tyson or appellee had any warning of the low-hanging line and had no reason to be concerned that a power line, on Hoose Road, might be hanging low. Tyson's affidavit indicates he may have "seen" the wire; nevertheless, his affidavit negates the inference that he had an awareness or understanding that the line was a discernible hazard.  Tyson's uncontested testimony consequently demonstrates that, from his vantage point as the driver of the truck, the hazard was not reasonably discernible at the time he proceeded under the line.

8

Accordingly, he would not obviously know and would have no reason to be concerned that his truck would be in danger of striking the line.

{¶27} Although appellant contends the discernibility of an object is a question of fact, it failed to produce any evidence that the low-hanging line was reasonably discernible at the time of the incident. That is, it failed to produce evidence that a reasonable individual in Tyson's position would understand or cognitively appreciate that the line was low-hanging. Because there is no conflicting evidence on the issue of the discernibility of the object, there is no *genuine issue* of fact on this element. We accordingly hold appellant failed to create a triable issue on the application of the assured-clear-distance-ahead statute and appellee was entitled to judgment as a matter of law on this theory.

{¶28} Appellant's second assignment of error lacks merit.

{¶29} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

_____

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

{¶30} I agree with the majority's recitation of the law, however, I disagree with its result.

9

**{¶31}** "Whether an object is 'reasonably discernible' * * * is ordinarily a question of fact, and when reasonable minds can reach different conclusions from the evidence presented upon the question, the trial court should not decide the case as a matter of law." *Mincy v. Farthing*, 1st Dist. Hamilton No. C-081032, 2009-Ohio-5245, ¶18; *Blair v. Goff-Kirby Co.*, 49 Ohio St.2d 5, 9-10, 358 N.E.2d 634 (1976) (noting that virtually all other states hold that discernibility is a jury question); *Venegoni v. Johnson*, 10th Dist. Franklin No. 01AP-1284, 2002-Ohio-1988, *15.

**{¶32}** The facts are not in dispute. Tyson saw the power line before hitting it. However, he did not realize that it was "at height that would come in contact with [his] truck." Thus, because he did not appreciate the danger, he did not attempt to avoid it.

**{¶33}** A driver's ability to appreciate the danger is seldom discussed, and in spite of an expansive search, I have been unable to find any cases analyzing this issue. Accordingly, we must decide whether "appreciation" of the danger is encompassed within discernibility. I find it is.

**{¶34}** Two issues are repeatedly discussed throughout discernibility case law as they are usually the only issues. One, was the object visible, and two, if the object was visible, was it visible in sufficient time to allow the driver to stop. *Tomlinson v. City of Cincinnati*, 4 Ohio St.3d 66, 69, 446 N.E.2d 454 (1983); *Mincy*, supra, ¶12-18; *Cincinnati Ins. Co. v. Watson*, 10th Dist. Franklin No. 88AP-898, 1989 Ohio App. LEXIS 723, *2-7. These are relevant based on the time-honored concepts that negligence law imposes liability only upon one who fails to conduct himself as a reasonable, ordinary, and prudent person, and does not make one an insurer. *See Schutte v. Perkins*, 2nd Dist. Clark No. 2001-CA-46, 2002 Ohio App. LEXIS 12 (holding that drivers are not

10

insurers of their passengers' safety); *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985) (finding a shopkeeper is not an insurer of the customer's safety). Obviously, if the object could not be seen by a reasonably prudent person, there is no liability. Similarly, if the object could be seen, but not in sufficient time to allow a reasonably prudent person to avoid it, there is no liability.

{¶35} Although Tyson saw the wire, he simply did not appreciate that he would hit it. This case, therefore, hinges on whether a reasonable, prudent person in Tyson's situation should have appreciated that the wire posed a risk. If so, liability is imposed. If not, upon applying usual rules of negligence, there is no liability.

{¶36} That Tyson saw the power line before his truck hit it is not dispositive as to whether a reasonably prudent person should have appreciated the danger. Any inferences to be drawn from the evidentiary materials must be construed in a light most favorable to the party opposing the motion. *Hannah v. Dayton Power & Light Co.,* 82 Ohio St.3d 482, 485, 696 N.E.2d 1044 (1988). Because reasonable minds could reach different conclusions as to whether Tyson should have appreciated the danger, a jury issue remains.

{¶37} Accordingly, I dissent.

11