[Cite as *Rolling v. Kings Transfer, Inc.*, 2020-Ohio-5541.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| RANDALL ROLLING, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 28753 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-3722 |
| | : | |
| KINGS TRANSFER, INC., et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 4th day of December, 2020.

. . . . . . . . . . .

DAVID GRANT, Atty. Reg. No. 0065439, 55 Public Square, Suite 1055, Cleveland, Ohio 44113

LOUIS E. GRUBE, Atty. Reg. No. 0091337 and PAUL W. FLOWERS, Atty. Reg. No. 0046625, 50 Public Square, Suite 1910, Cleveland, Ohio 44113

FRANK L. GALLUCCI, III, Atty. Reg. No. 0072680, 55 Public Square, Suite 2222, Cleveland, Ohio 44113

JOHN A. SMALLEY, Atty. Reg. No. 0029540 and SETH W. SCHANHER, Atty. Reg. No. 0085395, 131 North Ludlow Street, Suite 1400, Dayton, Ohio 45402
    Attorneys for Plaintiffs-Appellants


JANE M. LYNCH, Atty. Reg. No. 0012180 and JARED A. WAGNER, Atty. Reg. No. 0076674, 190 North Main Street, Suite 800, Dayton, Ohio 45402
    Attorney for Defendants-Appellees, Kings Transfer, Inc. and Darin Kaylor

THOMAS E. DOVER, Atty. Reg. No. 0016765 and DANIEL M. BEST, Atty. Reg. No. 0090520, 1215 Superior Avenue, 7th Floor, Cleveland, Ohio 44114
    Attorneys for Defendant-Appellee, Darren M. Findling as Estate Representative of Robert Rickerd, Deceased

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiffs-appellants Randall and Jordan Rolling appeal from the order of the Montgomery County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Darin Kaylor, Kings Transfer, Inc., and the Estate of Robert Rickerd.   For the reasons that follow, we affirm the trial court's judgment in part, reverse it in part, and remand for further proceedings consistent with this opinion.

## I.    Facts and Procedural Background

{¶ 2} Defendant-appellee Darin Kaylor was employed as a truck driver by defendant-appellee Kings Transfer, Inc.   On September 29, 2016, Kaylor reported for work and was instructed to pick up a load of expired product at a Pepsi facility on Kiser Street in Dayton.   Kaylor drove his truck and empty trailer toward the facility eastbound on Chapel Street, and then made a right turn and headed south on Kiser Street.   When he arrived at the Pepsi facility, Kaylor was informed the load was not yet ready.   He therefore decided to have lunch at Falb's, a restaurant located at the northwest corner of the intersection of Chapel and Kiser Street.

{¶ 3} Kaylor drove north on Kiser Street, through the intersection with Chapel Street, and made a left turn behind Falb's restaurant.   He then drove around the block until he was again headed east on Chapel Street.   He parked his truck in a lot adjacent to Chapel Street and directly across from Falb's.

{¶ 4} After lunch, Kaylor returned to his truck.   As he was pulling out of the lot onto Chapel Street, he noted overhead wires moving.   He stopped his truck, exited, and

observed a single wire snagged on a light on the driver's side of the trailer. Kaylor returned to Falb's and obtained a broom, which he used in an unsuccessful attempt to disentangle the wire. Kaylor then noted a City of Dayton truck stopped on Chapel Street behind his truck. The driver, a City of Dayton employee, informed Kaylor he was reporting the matter. Shortly thereafter, a police car and a fire truck arrived on the scene. Kaylor spoke to a firefighter who informed him that they were waiting on the arrival of personnel from Dayton Power & Light ("DP&L").

{¶ 5} Rolling, who was employed by DP&L, was working nearby when he received a call instructing him to go the scene. Rolling drove his bucket truck west on Chapel Street and made a left turn onto Kiser Street, where he parked. When he exited his bucket truck to inspect the scene, he immediately noticed that the snagged wire was a cable wire, not a DP&L electric wire. Nonetheless, he decided to use an extension pole in an attempt to remove the wire from Kaylor's truck. Because the wire was stuck under a light on the trailer, this attempt was not successful. Rolling returned to his truck and retrieved some type of cutting tool. He then asked Kaylor for permission to get on top of Kaylor's truck in order to cut the wire. After Kaylor gave permission, Rolling climbed onto the roof of the truck cab.

{¶ 6} While Rolling was on the truck cab, a different tractor-trailer, driven by Robert Rickerd, traveled on Kiser Street through the intersection in front of Kaylor's truck. Rickerd drove down the street, turned around, and proceeded back through the intersection; in doing so, Rickerd's trailer snagged an overhead wire attached to the same pole as the wire entangled with Kaylor's truck. This caused the pole to which both wires were attached to break in half. Rolling heard the pole snap and observed it falling toward

him. He jumped from the cab to the ground; a distance of approximately 14 feet. The jump resulted in a serious injury to Rolling's ankle, requiring at least two surgeries.

{¶ 7} In August 2018, Rolling and his wife filed a complaint against Kaylor, Kings Transfer, The Cincinnati Insurance Company and State Farm Mutual Automobile Insurance Company. In September 2018, the Rollings filed an amended complaint adding Rickerd, Triple Crown Services Company and RNH Transport, L.L.C. as defendants.[1] Rickerd had died in February 2018, and a motion was granted to substitute the personal representative of his estate as a party-defendant. Subsequently, Kaylor and Kings Transfer filed a motion for summary judgment. Thereafter, Rickerd's Estate also filed a motion for summary judgment. The Rollings filed appropriate responses to these motions.

{¶ 8} On March 11, 2020, the trial court entered summary judgment in favor of Kaylor, Kings Transfer and the Estate of Rickerd; it also issued a Civ.R. 54(B) notice. The Rollings filed a timely appeal.

## II. Analysis

{¶ 9} The Rollings assert the following assignment of error:

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY ENTERING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEES NOTWITHSTANDING THE TRIABLE ISSUES OF FACT THAT HAD BEEN ESTABLISHED IN THE EVIDENTIARY RECORD OF PLAINTIFF-APPELLANTS.

---

[1] Additional parties were later joined by motion, but they are not relevant to this appeal.

{¶ 10} The sole assignment of error challenges the trial court's decision granting summary judgment in favor of Kaylor, his employer Kings Transfer, and the Estate of Rickerd.[2]

{¶ 11} A Civ.R. 56 motion for summary judgment may be granted when the moving party demonstrates (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). As set forth in Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets this its initial burden, the burden shifts to the non-moving party to respond with specific facts showing that a genuine factual issue exists for trial. *Id.*

{¶ 12} Civ.R. 56(C) delineates the types of evidence a party may use to support or oppose a summary judgment motion:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and

---

[2] The Estate of Rickerd will be referred to as the "Estate," except when we describe Rickard's actions, at which times we will use "Rickerd."

that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 13} Our review of the trial court's decision to grant summary judgment is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162, 703 N.E.2d 841 (4th Dist.1997).

{¶ 14} Negligence is defined as "the failure to exercise ordinary care so as to avoid injury to others." (Citation omitted.) *Foulke v. Beogher*, 166 Ohio App.3d 435, 2006-Ohio-1411, 850 N.E.2d 1269, ¶ 9 (3d Dist.). To recover on a claim for personal injuries due to negligence, Rolling was required to demonstrate the existence of a duty, the defendant's breach of that duty, and injury or damages that were proximately caused by that breach. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22.

{¶ 15} In Ohio, "[w]hether a duty exists depends largely on the foreseeability of the injury to someone in the plaintiff's position." *Hartman v. Akture*, 2d Dist. Montgomery No. 15801, 1996 WL 631382, *4 (Oct. 25, 1996), quoting *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989). "In delimiting the scope of duty to exercise care, regard must be had for the probability that injury may result from the act complained of. No one is bound to take care to prevent consequences which, in light of human experience, are beyond the range of probability." *Id.*, quoting *Gedeon v. The East Ohio Gas Co.*, 128 Ohio St. 335, 338, 190 N.E. 924 (1934). This being said, foreseeability does not extend to the particular injury a plaintiff sustains. *Id.*, citing *Mussivand v. David*, 45 Ohio St.3d 314, 321, 544 N.E.2d 265 (1989).

{¶ 16} Proximate cause is established "where an original act is wrongful or

negligent and, in a natural and continuous sequence, produces a result [that] would not have taken place without the act." *Heard v. Dayton View Commons Homes*, 2018-Ohio-606, 106 N.E.3d 327, ¶ 12 (2d Dist.), quoting *Vlcek v. Brogee*, 2d Dist. Montgomery No. 25499, 2013-Ohio-4250, ¶ 24, citing *Innovative Technologies Corp. v. Advanced Mgt. Technology, Inc.*, 2d Dist. Montgomery No. 23819, 2011-Ohio-5544, ¶ 31. To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 287, 423 N.E.2d 467 (1981).

### Summary Judgment in Favor of Kaylor and Kings Transfer

{¶ 17} As a matter of law, we conclude that it was not foreseeable that Rolling would be injured by Kaylor's trailer snagging the cable wire. As such, Kaylor did not owe a duty of care to Rolling, and the trial court correctly granted summary judgment in favor of Kaylor. Based upon the seminal influence of *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 162 N.E.99 (1928), foreseeability that an act will cause an injury to the plaintiff is part of the duty analysis, as opposed to the proximate cause analysis. *See Isaacs v. Larkin Elec. Co.*, 2d Dist. Montgomery No. 16948, 1998 WL 906394, *7 (Sept. 4, 1998) (Grady, J., dissenting.) Making foreseeability of injury part of the legal determination of duty is appropriate because the foreseeability construct acts to define, and thereby limit, the scope of individuals to whom a duty is owed.

{¶ 18} Kaylor's conduct set in motion the sequence of events that ultimately led to Rolling's jumping from the truck cab and sustaining an injury, so it is true that, had it not been for Kaylor's conduct, Rolling would not have been injured. But where, as here, the defendant's conduct was attenuated from the plaintiff's injury, we must analyze whether

the conduct at issue was likely to result in harm to someone in the plaintiff's position. *Hartman,* 2d Dist. Montgomery No. 15801*,* 1996 WL 631382, at *4.   We conclude that Kaylor could not have foreseen that anyone would climb onto a truck cab in an effort to free the cable line caught on his trailer without any obligation to do so.   Given this, Kaylor did not owe a duty of care to Rolling as he stood atop the truck cab.   On this basis, the trial court correctly granted summary judgment in favor of Kaylor and Kings Transfer.[3]

### Summary Judgment in Favor of the Estate of Rickerd

{¶ 19} We now turn to whether the trial court correctly granted summary judgment to the Estate.   The Estate asserts that the trial court correctly granted summary judgment in its favor based upon the following: (1) Rickerd did not owe a duty of care to Rolling; (2) even if Rickerd did have a duty of care, he did not breach it; (3) Rickerd's conduct was not a proximate cause of Rolling's injury; and (4) Rolling's claim was barred by his comparative negligence.   We reject each contention.

{¶ 20} Obviously, the duty considerations already discussed are applicable to the present discussion, but these considerations result in a different conclusion as to Rickerd, with this conclusion being that Rickerd, as he drove his semi-truck through the intersection, owed a duty of care to Rolling as Rolling stood atop the cab of Kaylor's semi-truck.   Unlike in the previous duty analysis with respect to Kaylor, there was no attenuation between Rickerd's conduct and Rolling's resulting injury.   Stated differently, as Rickerd passed through the intersection, it was foreseeable that if he committed a

---

[3] Given our conclusion with respect to Kaylor's duty, the reason the cable wire was caught is irrelevant.  That is, the analysis would not change depending whether the wire was snagged because Kaylor drove his semi-truck onto the curb or, assuming the semi-truck was not driven onto the curb, the cable wire was sufficiently low to allow the wire to become entangled with the trailer.

negligent act, such negligence would likely harm an individual, such as Rolling, in or near the intersection.    *See Wallace*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, at ¶ 23.   As such, Rickerd owed a duty of care to Rolling.

{¶ 21} In reaching this conclusion, we have considered *Cleveland Elec. Illuminating Co. v. Major Waste Disposal*, 2016-Ohio-7442, 74 N.E.3d 689 (11th Dist.). Rickerd argues that this case supports a conclusion that Rickerd did not owe a duty of care to Rolling.   We disagree.   In that case, a garbage truck snagged a power line owned by the Ohio Bell Telephone Co. (Ohio Bell), evidently causing damage to the line and the surrounding infrastructure.   Contrary to the Estate's suggestion, the focus in *Major Waste* was whether there was an issue of fact concerning the power line's discernibility.   In the Eleventh District's view, Major Waste's summary judgment motion met its burden to establish that the line was not reasonably discernable, and Ohio Bell failed in its reciprocal burden to establish an issue of fact regarding the line's discernibility. These conclusions made the trial court's grant of summary judgment to Major Waste appropriate.   In our view, the *Major Waste* case is simply not germane to the duty analysis in this case.

{¶ 22} The Estate next posits that, even assuming Rickerd owed Rolling a duty of care, such duty was not violated, making summary judgment appropriate.   The Estate supports this argument by asserting that Rolling "failed to establish that Rickerd breached any duty of care in operating his truck."   At trial, Rolling will have this obligation.   But when evaluating the Estate's motion for summary judgment, the first issue is whether the Estate met its initial burden of identifying those portions of the record which demonstrated the absence of a factual issue regarding Rickerd's violation of any duty of care.   The

Estate failed in this initial burden.

{¶ 23} As Rickerd drove through the intersection, he had a statutory obligation not to drive his semi-truck at a speed greater than would have allowed him to "stop within the assured clear distance ahead." R.C. 4511.21. A violation of R.C. 4511.21 is negligence per se. *Crosby v. Radenko*, 2d Dist. Montgomery No. 24343, 2011-Ohio-4662, ¶ 15, citing *Piper v. McMillan*, 134 Ohio App.3d 180, 730 N.E.2d 481 (7th Dist.1999). A violation of the assured clear distance statute occurs when a driver strikes an object which (1) is ahead of him in his path of travel; (2) the object is stationary or moving in the same direction as the driver; (3) the object does not suddenly appear in the driver's path; and (4) the object is reasonably discernable. *Id.* quoting *Junge v. Brothers*, 16 Ohio St.3d 1, 3, 475 N.E.2d 477 (1985). A movant's failure to meet his initial summary judgment burden as to any assured clear distance element precludes summary judgment. *Id.*, citing *Tomlinson v. Cincinnati*, 4 Ohio St.3d 66, 69, 466 N.E.2d 454 (1983).

{¶ 24} The question is, of course, whether the wire struck by Rickerd's semi-truck was reasonably discernable. Because of Rickerd's death, the record does not include his evidence or observations about discernibility. Further, the record does not otherwise satisfy the Estate's initial burden for summary judgment regarding this issue. Thus, the Estate was not entitled to summary judgment on the basis that there was no genuine issue of fact concerning Rickerd's breach of a duty of care owed to Rolling.

{¶ 25} We next turn to the Estate's contention that summary judgment was required because Rickerd's negligence (if any) was not a proximate cause of Rolling's injury. Proximate cause is established when a negligent act, in a "natural and continuous sequence, produces a result [that] would not have taken place without the act." *Heard,*

2018-Ohio-606, 106 N.E.3d 327, at ¶ 12 (2d Dist.), quoting *Vlcek*, 2d Dist. Montgomery No. 25499, 2013-Ohio-4250, at ¶ 24. If a jury were to find that Rickerd was negligent, we cannot conclude as a matter of law that Rolling's injury did not occur as a natural and continuous result of such negligence. Given this, summary judgment on this basis was not appropriate.

{¶ 26} Finally, the Estate argues that the trial court correctly granted summary judgment because it can be concluded as a matter of law that Rolling's negligence "far outweigh[ed] any negligence of Rickerd." While we acknowledge that Rolling's comparative negligence is a significant issue, we disagree with the Estate's argument and the trial court's conclusion.

{¶ 27} "Issues of comparative negligence are for [a] jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 646, 597 N.E.2d 504 (1992). We are unwilling to conclude that the evidence in this case compels the Estate's requested outcome. The trial court erred when it concluded that summary judgment in the Estate's favor was required on the basis of Rolling's comparative fault.

### Conclusion

{¶ 28} The trial court correctly concluded that Kaylor and Kings Transfer were entitled to summary judgment. The trial court erred in granting summary judgment to the Estate of Robert Rickerd. The trial court's judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

David Grant
Louis E. Grube
Paul W. Flowers
Frank L. Gallucci, III
John A. Smalley
Seth W. Schanher
Jane M. Lynch
Jared A. Wagner
Thomas E. Dover
Daniel M. Best
W. Travis Garrison
RNH Transport, LLC
T. Andrew Vollmar
Eric Dauber
James Papakirk
Timothy Roth
Quinn Schmiege
Hon. Mary Lynn Wiseman